(839 P.2d 535)

No. 67,601

FIRST NATIONAL BANK, CONWAY SPRINGS, KANSAS, *Appellee,* v. BRENDA JONES d/b/a COUNTRY KITCHEN, *Appellant.*

Opinion filed July 24, 1992.

*Brenda Jones,* appellant pro se.

*Harold A. Pfalzgraf,* of Wellington, for appellee.

Before GERNON, P.J., DAVIS and LARSON, JJ.

GERNON, J.: Brenda Jones d/b/a Country Kitchen (Jones) appeals from the trial court's granting judgment to the First National Bank, Conway Springs, in a dispute over a check negotiated through the First National Bank drawn on the State Bank of Conway Springs.

Jones purchased by check some cookware from an itinerant salesman, who cashed the check at the First National Bank before noon on May 22, 1991, the day of the sale. Jones later became concerned about the lack of documentation from the salesman and placed a stop order on the check with her bank at 3:30 that afternoon. State Bank refused to honor the check. First National Bank filed this action against Jones to recover the value of the check and was granted judgment in the amount of $200 plus $15 court costs. Jones appeals.

Jones' contention is that she has the right to cancel her "sales contract" for the cookware within three days, citing provisions of the Kansas Consumer Protection Act. K.S.A. 50-623 *et seq.* Implicit in her argument is that this right of rescission under the Consumer Protection Act alters the negotiable instruments section of the Uniform Commercial Code regarding the presentation of checks. We disagree.

At the time pertinent to the facts herein, the Ensley 1983 edition of the Kansas Statutes Annotated were in effect. K.S.A. 84-3-104 defined negotiable instruments and provided in part:

"(1) Any writing to be a negotiable instrument within this article must

(a) be signed by the maker or drawer; and

(b) contain an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power given by the maker or drawer except as authorized by this article; and

(c) be payable on demand or at a definite time; and

(d) be payable to order or to bearer.

"(2) A writing which complies with the requirements of this section is

. . . .

"(b) a 'check' if it is a draft drawn on a bank and payable on demand."

An ordinary check drawn on a bank account is a negotiable instrument. See *Leaderbrand v. Central State Bank of Wichita,* 202 Kan. 450, 454-55, 450 P.2d 1 (1969).

As noted, the trial court concluded that First Bank was a holder in due course. K.S.A. 84-3-302 defined "holder in due course" and provided in part:

"(1) A holder in due course is a holder who takes the instrument

(a) for value; and

(b) in good faith; and

(c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person."

K.S.A. 84-3-305 defined the rights of a holder in due course and provided:

"To the extent that a holder is a holder in due course he takes the instrument free from

"(1) all claims to it on the part of any person; and

"(2) all defenses of any party to the instrument with whom the holder has not dealt except

(a) infancy, to the extent that it is a defense to a simple contract; and

(b) such other incapacity, or duress, or illegality of the transaction, as renders the obligation of the party a nullity; and

(c) such misrepresentation as has induced the party to sign the instrument with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms; and

(d) discharge in insolvency proceedings;

(e) any other discharge of which the holder has notice when he takes the instrument; and

(f) such payment as is effectual to extinguish all claims in accordance with the provisions of section 58-2321 of the Kansas Statutes Annotated, or acts amendatory thereof."

Regarding the right to stop payment on a check, the official U.C.C. Comment regarding K.S.A. 84-4-403 indicates: "The payment can be stopped but the drawer remains liable on the instrument to the holder in due course (Sections 3-305, 3-413) and the drawee, if he pays, becomes subrogated to the rights of the holder in due course against the drawer. Section 4-407."

Here, the record supports the trial court's conclusion that First National Bank was a holder in due course. In addition, Jones has not alleged that any injury resulted from the transaction with the salesman. At trial, she did not indicate any dissatisfaction with the cookware, but only stated some apprehension that the cookware might be stolen. Regardless of any claim she might have against the seller of the cookware, her liability as the maker of a negotiable instrument under these circumstances has not changed. She presented no evidence establishing a defense against a holder in due course pursuant to K.S.A. 84-3-305(2). As a result, we agree with the trial court's conclusion that Jones is liable to First National Bank for the value of the check.

Affirmed.